UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMEEKA CULBREATH, | ) | CIVIL ACTION NO. 4:23-CV-1349 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Shameeka Culbreath ("Plaintiff") initiated this pro se civil action alleging that Experian Information Solutions Inc. ("Defendant") willfully made a report containing information prohibited under the Fair Credit Reporting Act ("FCRA"). This matter is before us upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 14).

Currently before the Court is Defendant's Motion to Dismiss. (Doc. 9). To date, Plaintiff has not responded to this motion. Accordingly, we will:

(1) DISMISS Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and

(2) Deem Defendant's Motion to Dismiss (Doc. 9) MOOT.

### II. BACKGROUND AND PROCEDURAL HISTORY

On July 20, 2023, Plaintiff initiated this pro se civil action in the Centre County Court of Common Pleas alleging that Defendant willfully made a report

containing information in violation of the FCRA, 15 U.S.C. § 1681c(a). On August 14, 2023, Defendant removed Plaintiff's lawsuit to federal court. (Doc. 1).

On August 15, 2023, the Clerk's Office mailed Plaintiff a letter. That letter explained that Plaintiff has:

> an affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change in writing.

(Doc. 3). Plaintiff was also sent a standing order, which provides that "[i]f the Court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (Doc. 5).

Plaintiff, however, did not sign her original complaint. On August 15, 2023, the Court issued an order directing Plaintiff to submit a signed complaint. (Doc. 4). Defendant's response deadline was stayed pending receipt of the signed complaint. *Id.* On August 21, 2023, Plaintiff initialed a copy of the original complaint and returned it to the Court (hereinafter "Amended Complaint"). (Doc. 6). In her Amended Complaint, Plaintiff alleges:

> Plaintiff, Shameeka Culbreath, Brings this civil action against the defendant [Experian information Solutions Inc.] for violations of section 605(a) of the FCRA.
>
> Defendant [Experian] willfully reported charge-offs, collections, and late Payments on the Plaintiffs credit report, despite what is Prescribed by the FCRA in Section 605(a) and 605(b).

> Additionally, Section 161 of the FCRA establishes I am entitled to seek damages for the willful violations in amounts between $100 and $1000 Per violation.
>
> Plaintiff requests Judgment against Defendant for the violations of section 605(a).

(Doc. 6, pp. 4-5).

On August 21, 2023, the Court issued an order lifting the stay, and directing Defendant to respond to Plaintiff's Amended Complaint. (Doc. 7). On September 5, 2023, Defendant filed a motion to dismiss, and a brief in support of its motion. (Docs. 9, 11). On September 6, 2023, the Court issued an order directing Plaintiff to respond to Defendant's Motion on or before September 20, 2023. (Doc. 13). That order was sent to Plaintiff's address of record but was returned as undeliverable two weeks later. (Doc. 15). The Clerk's Office attempted to contact Plaintiff via telephone to obtain a correct address but was ultimately unable to reach her.

On September 22, 2023, the Court issued a second order directing Plaintiff to respond to Defendant's Motion on or before October 23, 2023. (Doc. 16). This order was not returned. Plaintiff, however, did not submit a response.

On December 1, 2023, Defendant filed a notice reporting that its Motion remained unopposed. (Doc. 17). In its notice, Defendant urges the Court to treat its Motion as unopposed and dismiss Plaintiff's lawsuit with prejudice. *Id.* Plaintiff did not respond to Defendant's notice. In fact, Plaintiff has not taken any action to

litigate this case since August 26, 2023, when she consented to the jurisdiction of a magistrate judge. (Doc. 14).

## III. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[1] A district court also "has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order."[2]

Decisions regarding dismissal of actions for failure to prosecute or abide by a court order rest in the sound discretion of the court and will not be disturbed absent an abuse of discretion.[3] A court's discretion to dismiss an action for failure to prosecute or abide by a court order, while broad, is governed by certain factors, commonly referred to as *Poulis* factors. Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and

---

[1] Fed. R. Civ. P. 41(b).

[2] *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or comply with a court order.") (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).").

[3] *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Adams*, 29 F.3d at 870).

respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[4]

When balancing these factors, District Courts need not employ a "magic formula" or "mechanical calculation."[5] It is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint" under Rule 41(b).[6] Moreover, recognizing the broad discretion conferred upon district courts in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a pro se litigant who is not amenable to any lesser sanction.[7]

IV. **DISCUSSION**

Here, Plaintiff has failed to prosecute her case or comply with the Court's orders setting briefing deadlines. Accordingly, for the reasons explained herein, our

---

[4] *Id.*
[5] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).
[6] *Briscoe*, 538 F.3d at 263 (internal citations and quotations omitted).
[7] *See, e.g., Emerson*, 296 F.3d 184 (affirming a District Court's dismissal where only the first five *Poulis* factors weighed in favor of dismissal); *Reshard v. Lankenau Hosp.*, 256 F. App'x 506 (3d Cir. 2007) (affirming a District Court's dismissal where only the first five *Poulis* factors weighed in favor of dismissal).

analysis of the six *Poulis* factors weighs in favor of dismissing Plaintiff's lawsuit under Rule 41(b) of the Federal Rules of Civil Procedure.

The first and fourth *Poulis* factors—the extent of Plaintiff's personal responsibility, and whether Plaintiff's conduct was willful or in bad faith—weigh in favor of dismissal. Plaintiff is representing herself in this matter. Thus, it is her responsibility to respond to motions she opposes and abide by Court-imposed deadlines.[8] On multiple occasions, the Court informed her of these responsibilities, and of the consequences of non-compliance. (Docs. 13, 19).[9] Plaintiff has not fulfilled her responsibilities despite these warnings and despite her awareness of the consequences. Plaintiff received a third warning when Defendant filed its notice. Still, Plaintiff did not respond, and has sought no other relief from the Court, such as an extension of time to comply. Therefore, we conclude that Plaintiff's failure to comply with the Court's orders directing Plaintiff to respond to Defendant's Motion, and setting deadlines for that response, is intentional.[10]

---

[8] *Colon v. Karnes*, No. 1:11-CV-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) (reasoning that where a Plaintiff is proceeding without an attorney, it is the Plaintiff's responsibility to comply with court orders).

[9] One order was returned to the Court as undeliverable, however, a second order was not. Therefore, it is not clear whether Plaintiff relocated. If she did, however, she has also failed in her responsibility to provide an updated address to the Court.

[10] *See e.g.*, *Qdar*, 642 F. App'x at 103 (affirming a District Court's Rule 41 dismissal where it held that the plaintiff failed to comply with three orders and failed to respond to Defendants' motion to dismiss).

The second *Poulis* factor, whether the adverse party has suffered prejudice because of Plaintiff's dilatory behavior, also weighs in favor of dismissal. Examples of prejudice in this context include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."[11] The harm caused by delays need not be irremediable to be prejudicial.[12] Although this factor does not weigh heavily in favor of dismissal given the early stage of this litigation, it is not neutral either. We cannot overlook that Plaintiff's failure to respond to Defendant's Motion frustrates and delays the resolution of this case.[13] Thus, we find that this factor weighs slightly in favor of dismissal.

The third *Poulis* factor, whether Plaintiff exhibited a history of dilatory behavior over the life of this case, is not neutral but does not weigh heavily in favor of dismissal. Although Plaintiff's noncompliance has resulted in a seven-month delay in the resolution of Defendant's Motion, this delay is not "extensive." Moreover, Plaintiff has failed to comply with only two court orders. She has not

---

[11] *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).
[12] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).
[13] *See e.g.*, *Mack v. United States*, No. 3:17-CV-1982, 2019 WL 1302626 (M.D. Pa. Mar. 21, 2019) (observing that a litigant's continued inaction, and failure to communicate with the Court prejudices defendants who seek timely resolution of a lawsuit).

communicated with the Court in writing since August 2023. Thus, we find that this factor weighs slightly in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal to assure this litigation progresses in an orderly fashion. Generally, a litigant's *pro se* status severely limits the court's ability to utilize lesser sanctions.[14] This case is no exception. Defendant removed this action and paid the filing fee. Therefore, we have no information to assess whether Plaintiff could pay a monetary sanction. Nonetheless, Plaintiff has failed to comply with two court orders, and did not respond to Defendant's notice suggesting its Motion be deemed unopposed. We have no basis to believe Plaintiff would comply with an order imposing a lesser monetary or non-monetary sanction. Thus, we conclude that there is no lesser sanction that would assure the orderly progression of this litigation.

Last, before dismissing a case, the Court must consider the meritoriousness of a litigant's claims. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ."[15] "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use

---

[14] *Cribbs, v. Pa. Dep't of Corr.*, No. 3:22-CV-1950, 2023 WL 5103139, at *3 (M.D. Pa. Aug. 9, 2023) (citing *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011), *Emerson*, 296 F.3d at 191, and *Nowland v. Lucas*, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012)).

[15] *Poulis*, 747 F.2d at 870.

the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."[16] In its Motion, Defendant argues that Plaintiff's Amended Complaint does not state a plausible claim because it lacks adequate detail. It is correct that Plaintiff does not identify what information on Plaintiff's Experian report is false, or why its presence on her credit report violates the FCRA. Instead, she simply references 15 U.S.C. § 1681c(a). This subsection of the statute lists multiple types of information that cannot be included on a consumer report. Thus, the amended complaint does not plausibly show that Defendant has violated the FCRA. Therefore, we find that this sixth factor also weighs in favor of dismissal.

V.  CONCLUSION

Accordingly, we conclude that:

(1) Plaintiff's Complaint will be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(2) Defendant's Motion to Dismiss (Doc. 9) will be DEEMED MOOT.

(3) An appropriate order will be issued.

Date: May 16, 2024                              BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

[16] *Briscoe*, 538 F.3d at 263.